CITY OF COLUMBUS, APPELLANT, *v.* UNION CEMETERY ASSN., APPELLEE.

[Cite as Columbus v. Union Cemetery (1976), 45 Ohio St. 2d 47.]

(No. 75-262—Decided January 21, 1976.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Thomas A. Bustin* and *Mr. Robert A. Bell,* for appellant.

*Messrs. Kennedy & Sams* and *Mr. Roger D. Kennedy,* for appellee.

WILLIAM B. BROWN, J.   Uses which do not conform to valid zoning legislation may be regulated, and even girded to the point that they wither and die. *Akron* v. *Chapman* (1953), 160 Ohio St. 382, paragraph one of the syllabus; *Curtiss* v. *Cleveland* (1959), 170 Ohio St. 127; *Davis* v. *Miller* (1955), 163 Ohio St. 91, 95-97, Taft, J., concurring.

The meaning of the word "use" was the crucial inquiry in case No. 184,777. If the court had determined that vacant land currently held as "inventory" for the purpose of establishing graves is not a *present use* for cemetery purposes and that subsequently establishing graves would be a mere continuation of that present use, then the enactment of a zoning regulation not permitting a future use of that land for cemetery purposes would make unlawful any step towards establishing graves on the remainder of the tract.

The court ruled otherwise: That prior to the passage of county zoning legislation the association had established a "use for cemetery purposes," which "use" included the vested right to establish graves within the four-corners of the subject tract of land.

The courts below, in the present cause, held that the city is bound by the things determined in case No. 184,777, and that, accordingly, the meaning of the word "use" could not be relitigated by the association or the city.

The Ohio views on *res judicata* and estoppel by judgment are well expressed in *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, and *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108. Paragraphs one and two of the syllabus in *Whitehead* read:

"1. A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is *res judicata* as between the parties or their privies. (Paragraph No. 1 of syllabus of *Norwood* v. *McDonald,* 142 Ohio St. 299, approved and followed.)

"2. A final judgment or decree in an action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter. However, *a point of law or a fact which was actually and directly in issue in the former action, and was*

*there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies.* The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. (Paragraphs Nos. 2 and 3 of syllabus of *Norwood* v. *McDonald*, 142 Ohio St. 299, approved and followed.)'' (Emphasis added.)

The statement just emphasized fully applies to this case because the crucial point of law or fact in case No. 184,777 was the meaning of the word ''use.''

Thus, the question becomes whether the city is a privy of the county.

Generally, one is in privity with another if he succeeds to an estate or an interest formerly held by the other (paragraph four of the syllabus in *Whitehead, supra*), because privity is a succession of interest or relationship to the same thing. 32 Ohio Jurisprudence 2d 476 (rev. ed.), Judgments, Section 248.

The connection between Franklin County and the city of Columbus in this case is that they were successive governmental entities having authority to regulate the use of land owned by appellee.

Although successive ownership interests in the same property are sufficient to sustain the flow of privity (*Whitehead, supra,* at page 115), this court has not considered whether a mere succession of governmental control is sufficient to complete that nexus.

We do find that a similar question was presented in successive suits in the United States Supreme Court. The Red River, which separates Texas and Oklahoma, was the subject of those lawsuits; the second being held foreclosed because it was brought by Oklahoma, a privy of the first plaintiff, the United States.

The original suit, *United States* v. *Texas* (1896), 162 U. S. 1, was brought by the federal government to determine, *inter alia,* whether the southern bank or the center of the Red River was the boundary between the state of Texas

and federal Indian Territory. The court ruled that the southern bank of the Red River had been the contemplated boundary in the controlling document: The treaty of 1819 between the United States and Spain.

After Oklahoma was carved out of the Indian Territory adjoining Texas, and after the bed of the Red River was discovered to contain valuable minerals (oil), the border dispute arose anew, and is reported as *Oklahoma* v. *Texas* (1921), 256 U. S. 70.

The court determined that the prior action had involved the same questions, and that by application of *res judicata* the original parties and their privies were foreclosed from relitigating the facts determined. The court ruled, at page 86, that "[a]s to governmental jurisdiction, the state of Oklahoma has succeeded in part to the position formerly held by the United States, and therefore is in privity with it."

The court noted, at page 93, that the "correctness" of the prior ruling was irrelevant: "The matter being *res judicata*, as the result of the decree in the former suit, it is of no consequence whether it was correctly decided or not. We say this without intending to intimate the least doubt about the propriety of that decision."

On authority of the *Texas* cases, *supra*, this court holds that successive governmental entities, authorized to regulate the use of the same parcel of land, are privies with respect to litigation affecting that land, and upon that basis, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, RUTHERFORD, STERN, CELEBREZZE and P. BROWN, JJ., concur.

RUTHERFORD, J., of the Fifth Appellate District, sitting for CORRIGAN, J.