JOHNSON'S ISLAND, INC., APPELLANT, *v.* BOARD OF TOWNSHIP
TRUSTEES OF DANBURY TOWNSHIP ET AL., APPELLEES.

[Cite as Johnson's Island v. Bd. of Twp. Trustees (1982),
69 Ohio St. 2d 241.]

Decided February 17, 1982.)

*Messrs. Garofoli, Kraus, Hill, Roth & Bartunek, Mr. Anthony J. Garofoli, Mr. William J. Kraus, Mr. Kenneth A. Kraus* and *Mr. Gene W. Graves,* for appellant.

*McDonald, Hopkins & Hardy Co., L.P.A., Mr. John R. Jewitt, Jr.,* and *Mr. Lowell S. Peterson,* prosecuting attorney, for appellees.

HOLMES, J.   We agree with the Court of Appeals that the doctrine of *res judicata* supports the summary judgment entered for the appellees. It is fundamental that the principle of *res judicata* is quite universally known and accepted law. Such principle is that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus; 46 American Jurisprudence 2d 558-559, Judgments, Section 394. The latest pronouncement of this

244

court on the subject is found in *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493.

As basically set forth in *Norwood* v. *McDonald,* the concept of *res judicata* may have a differing meaning and effect based upon which party may be asserting it. Also, the doctrine may be applied in differing manners. If the plaintiff is successful, the cause of action is "merged" in the judgment. If the defendant is successful in the prior action, the plaintiff is "barred" from thereafter bringing suit on the same cause of action. Second, the application of the concept of *res judicata* not only precludes the relitigation of the same cause as between the parties, its "collateral estoppel" aspect precludes relitigating legal or factual issues in a second lawsuit that were the general subject of litigation in the first action even though the second is a different cause of action.

The doctrine of *res judicata* also embraces the policy that a party must make good his cause of action or establish his defenses " * * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." *Covington & Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus.

As a general rule, in order for the principle of *res judicata* to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them. *Lakewood* v. *Rees* (1937), 132 Ohio St. 399, 403; *Norwood* v. *McDonald, supra; Cole* v. *Ottawa Home & Sav. Assn.* (1969), 18 Ohio St. 2d 1, 8.

All such holdings are based upon the requirement that there be mutuality of estoppel. *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, 113. The mutuality requirement is closely related to, and for all practical purposes co-extensive with, the requirement of identity of parties or privity. See Annotation, 31 A.L.R. 3d 1044. The estoppel effect of the judgment operates mutually if the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of *res judicata* or collateral estoppel. See 46

American Jurisprudence 2d 673, Judgments, Section 521.

Applying the principle to the facts of this case, we find that there was a mutuality of interest between appellees, township trustees in this case, and the plaintiff landowners' association in the prior injunction action.

The prior action was commenced pursuant to Section 1206.2 of the Danbury zoning resolution which authorized a property owner, damaged by land use in violation of the zoning, to commence, among others, an injunction action. The township trustees, in like manner, had the authority to enforce the township zoning or invoke injunction to prevent the violation of the zoning resolution. One of the defendants was Johnson's Island, Inc., the appellant here. The zoning resolution alleged to be unconstitutional in this action was in issue in the prior action and was relied upon by the plaintiffs in that case.

Although the trial court in the injunction action did not specifically address the constitutionality of the zoning resolution, it apparently did review the pertinent sections of such resolution in order to determine the existence or absence of a nonconforming use as alleged by Johnson's Island, Inc. The proof necessary to sustain an allegation of the nonconforming use was evidence of the zoning resolution, a violation of the resolution, and that the resolution was enacted subsequent to the initiation of the company's quarrying operations.

If the trial court had found that Johnson's Island, Inc., had established a prior nonconforming use of its land as a quarry in the injunction action, this determination would have been binding not only upon the landowners, but also upon appellees, township trustees, if the appellees had initiated an action to enforce Danbury Township ordinances against appellant. Similarly, if appellant had asserted the defense in the injunction action that the zoning ordinance was unconstitutional and the court found the ordinance to be unconstitutional, this determination would also be binding on both the landowners and on appellees in any later action.

Therefore, as previously stated, we hold that there is sufficient mutuality of the interest between the appellees in this action and the landowners in the former.

Decisions of this court, and of other jurisdictions, have

established that the doctrine of *res judicata* is applicable to defenses which, although not raised, could have been raised in the prior action. Accordingly, if a defendant, as the appellant here, previously neglected to assert the defense, he is precluded from raising it subsequently by virtue of the existence of the judgment rendered in the former action. See 46 American Jurisprudence 2d 601, Judgments, Section 431. This principle accommodates the finality of judgments. The underlying rationale was stated in *Anderson* v. *Richards* (1962), 173 Ohio St. 50, at page 53:

"The reasoning in such cases is that a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he is foreclosed from later attempting to reopen the cause as to issues which were or could have been presented. * * * "[1]

The appellant raises the proposition that the requirement that a landowner must exhaust the available administrative remedies prior to raising the unconstitutionality of a zoning ordinance applies whether the landowner is the plaintiff or the defendant in a zoning proceeding. Therefore, argues the appellant, *res judicata* will not bar the later litigation of the constitutionality of a zoning law where the first lawsuit was prior to the landowner exhausting such administrative remedies.

This precise question has not previously been addressed by this court, but we have considered and spoken generally as to the need to exhaust administrative remedies prior to challenging the constitutionality of the zoning laws from which relief is sought. In *Village of Strongsville* v. *McPhee* (1944), 142 Ohio St. 534, this court held, in paragraph three of the syllabus, that:

"The constitutionality of an ordinance will be passed upon only if and to the extent that it is essential to the protection of the rights of the parties concerned."

In like manner, this court, in discussing the necessity to

---

[1] Johnson's Island, Inc., would not have been barred from pleading inconsistent defenses in its answer in the prior injunction proceeding. Civ. R. 8(E)(2) provides in part, " * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. * * *" Appellant could have asserted both the defense of nonconforming use and the unconstitutionality of the zoning resolution as it applied to its land. Appellant's failure to assert the latter is therefore merged into the judgment of the prior case.

first pursue administrative remedies prior to attacking the constitutionality of a zoning law, held, in *State, ex rel. Lieux,* v. *Village of Westlake* (1951), 154 Ohio St. 412, that:

"1. Constitutional questions will not be decided until the necessity for their decision arises.

"2. An applicant for a building permit, whose application is refused because of the provisions of a zoning ordinance, cannot secure a writ of mandamus, compelling the issuance of such permit on the ground that the ordinance as a whole is unconstitutional, without first exhausting administrative remedies provided by such ordinance if such administrative remedies might enable such applicant to secure the permit.

"3. The efforts of such applicant, merely to exhaust the administrative remedies provided by such zoning ordinance, will not operate to prejudice such applicant in questioning later the constitutional validity of any part of the ordinance."

This court reaffirmed the foregoing principle set forth in *Lieux* v. *Village of Westlake, supra,* in the case of *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, wherein the court stated, at page 273:

"This court has previously indicated that prior to initiating a declaratory judgment action attacking the constitutionality of a zoning ordinance as applied to his property, the owner normally must exhaust any administrative remedy that could provide him with the relief he seeks."

There are instances where it has been found unnecessary to exhaust the administrative remedies prior to challenging the constitutionality of a zoning law, such as *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265; *Van Curen* v. *Mayfield* (1974), 40 Ohio App. 2d 147; *Gates Mills Investment Co.* v. *Pepper Pike* (1978), 59 Ohio App. 2d 155.

In all of the cited cases, within the context of the "exhaustion of remedies" rule, the landowner in seeking the determination of unconstitutionality had initiated the administrative proceedings in order to obtain relief from the effects of the zoning law. Generally, these proceedings take the form of one affirmatively asking for a zoning amendment, or one seeking a variance from the zoning law, or one proclaiming a nonconforming use.

Here, the prior action, seeking an injunction which would

order the discontinuation of further violations of the zoning law, was not initiated by the landowner. Rather, it was initiated by the adjoining landowners who, as previously stated, stood in privity with the township trustees who had the right and duty to enforce such zoning laws.

We find that there is a difference between those instances in which the landowner in the initial action was the party claiming the relief from the law, and instances in which the landowner was in a defensive position, as here.

The Court of Appeals quite properly noted such distinction when it held in its decision that:

"The requirement of exhaustion of administrative remedies is not applicable where the constitutionality of a statute is raised as a defense in a proceeding brought to enforce the statute. See 2 American Jurisprudence 2d 434, Administrative Law, Section 599. The question of the constitutionality of a zoning ordinance is a defense which can be raised by a landowner in an injunction action brought against the landowner alleging the landowner is using his land in violation of the zoning ordinance. See *Town of Londonderry* [v. *Faucher*] (1972), 112 N.H. 454, 299 A. 2d 581; *County of Freeborn* v. *Claussen* (1972), 295 Minn. 96, 203 N.W. 2d 323; *County of Lake* v. *MacNeal* (1962), 24 Ill. 2d 253, 181 N.E. 2d 85. Appellant, therefore, was not barred from raising this defense in the injunction action brought against appellant by the neighboring landowners. He is, however, barred by the doctrine of *res judicata* from now raising the question of the constitutionality of the zoning ordinance."

In *County of Lake* v. *MacNeal, supra,* the Supreme Court of Illinois stated the general rule that where the declaratory judgment action is filed by the landowner claiming the unconstitutionality of the zoning law as it applies to his property, he must have first made an effort to obtain local relief when available. The court stated, at pages 259-260, in the opinion, that:

"Although there is authority that the rule of exhaustion of administrative remedies has application whether the validity of a zoning ordinance is raised by a defendant or a moving party, (*People* v. *Calvar Corp.,* 286 N.Y. 419, 36 N.E. 2d 644; *Provo City* v. *Claudin,* 91 Utah 60, 63 P. 2d 570), there is at

the same time the sound principle, based upon the assumption that one may not be held civilly or criminally liable for violating an invalid ordinance, that a proceeding for the violation of a municipal regulation is subject to any defense which will exonerate the defendant from liability, including a defense of the invalidity of the ordinance. (See: 10 I.L.P., Cities, Villages, sec. 1194, *cf. Smith* v. *United States* [1st Cir.], 199 F. 2d 377.) Indeed, as one author has observed, 'the tradition is deeply imbedded that * * * statutes may be challenged by resisting enforcement.' Davis, Administrative Law Treatise, vol. 3, sec. 23.07, p. 320.''

The court, in *County of Lake* v. *MacNeal, supra,* pointed out that there were substantial differences in the stance of a property owner who initiates such a constitutional query from that of one who is asserting the affirmative defense of the infirmity of the statute.[2]

We are in agreement with this pronouncement of the Supreme Court of Illinois and hold that a landowner against whom enforcement of a zoning law is sought may assert as a defense the unconstitutionality of the zoning law as applied to his land without the necessity of exhausting the available administrative remedies.

Based on the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

---

[2] "For our part, we believe there are substantial differences between a property owner who is the moving party in an action to declare an ordinance invalid as to his property, and one who is summoned into court and charged with illegally violating the ordinance. Whereas, in the first instance, it is the view that zoning litigation should not be initiated until the local authority has a chance to correct the errors that may have occurred in broad comprehensive ordinances, in the latter instance the very act of filing a complaint reflects a judgment on the part of the local authority that, as to the property concerned, they see no particular hardship and no necessity to correct the zoning regulation. To compel a property owner to first seek local relief in the face of the demonstrated attitude of the local authority, would be a patently useless step which would increase costs, promote circuity of action and delay the administration of justice. So long as local authorities institute an action, a defendant should be entitled to defend on the ground of the invalidity of the ordinance and to have the issue determined. If it were to be otherwise, the result could be that judicial machinery would be used to enforce an ordinance that is unconstitutional." *County of Lake* v. *MacNeal* (1962), 24 Ill. 2d 253, 260-61, 181 N.E. 2d 85, 90.

SWEENEY, LOCHER and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., W. BROWN and C. BROWN, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. In my opinion, the majority opinion misapplies and confuses the doctrines of *res judicata* and collateral estoppel in the course of reaching an unjust result, and I must, therefore, dissent.

*Res judicata* and collateral estoppel are quite different doctrines. *Res judicata* provides that a final judgment by a court of competent jurisdiction is conclusive upon the parties in any subsequent litigation involving the same cause of action. In *res judicata* the first judgment is conclusive on all matters that could have been litigated. *State, ex rel. Ohio Water Service Co.,* v. *Mahoning Valley Sanitary District* (1959), 169 Ohio St. 31, 36.

Collateral estoppel, on the other hand, involves a different cause of action. Conclusive effect under collateral estoppel is given only to issues which were actually litigated and which are pertinent to the course of action in the subsequent suit. *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, 112.

The cause presented herein is one for resolution under the doctrine of collateral estoppel and not *res judicata.* To conclude, as does the majority, that a mutuality of interest exists between the appellees and plaintiff landowners in the prior injunction, or that this declaratory judgment action is the same cause of action as the prior action for injunctive relief, offends the sense of fair play and substantial justice which must attend the application of *res judicata.*

First, it is difficult to reason how the plaintiff landowners and the township trustees could be considered privies, as they must be in order that the first judgment be conclusive in the second action. See *First National Bank of Cincinnati* v. *Berkshire Life Ins. Co.* (1964), 176 Ohio St. 395. The trustees and landowners do not fall into any of the categories of privies as defined by the Restatement of the Law of Judgments. See Restatement of Judgments (1942), Sections 84-92. Their interests were not the same: the landowners were seeking to protect private property rights and to prevent diminution of the value of their property; the trustees, on the other hand,

were seeking to uphold the validity of the zoning ordinance as a valid expression of their police powers. Furthermore, the parties viewed by the majority to be privies were, alternatively, plaintiff and defendant in the two actions, with different burdens of proof in each.

Nor were both actions, in essence, the same cause of action. (See, generally, *Norwood* v. *McDonald* [1943], 142 Ohio St. 299, paragraph four of the syllabus.) One was an injunctive action defended by appellant, and the other a declaratory action brought by appellant. These actions are not analogous; they do not vindicate the same rights, they involve different remedies and they possess separate elements of proof.

Specifically, in the first case involving a request for injunctive relief, appellant asserted a prior non-conforming use. He was required to show that (1) the use was in existence at the time of the passage of the ordinance and (2) the use has continued without expansion or interruption ever since. (See, generally, *Akron* v. *Chapman* [1953], 160 Ohio St. 382, 387.) The proof of these facts is not solely determinative of the constitutional claim now asserted in the declaratory judgment action, for the standard for testing the constitutionality of a zoning restriction is whether such restriction is an arbitrary or unreasonable burden on the owner's use of his property. (See, generally, *Mayfield-Dorsh, Inc.* v. *South Euclid* [1981], 68 Ohio St. 2d 156.) Clearly, these actions require proof of different facts. Thus, even though these two cases relate to the same subject matter, they are separate causes of actions. See, *e.g., Jones* v. *Petruska* (1979), 13 O.O. 3d 111 (finding an application for a variance and the assertion of prior non-conforming use separate causes of action although relating to the same subject matter).

This case, then, is not one for decision under the doctrine of *res judicata.* The conclusive effect of the prior case must be applicable only to those issues in common between the separate causes of action, if at all.[3] Justice Traynor, in the landmark decision eliminating the need for mutuality of parties for the application of collateral estoppel principles, defined the fundamental question as, "[w]as the issue decided in the

[3] I am assuming *arguendo* that Ohio would permit the defensive use of collateral estoppel by a party who was neither party or privy to the original cause of action.

prior adjudication identical with the one presented in the action in question?" *Bernhard* v. *Bank of America Nat. Trust & Sav. Ass'n.* (1942), 19 Cal. 2d 807, 813, 122 P. 2d 892. Clearly, our answer to that question should be a resounding "No!" Appellant's defense to the injunction action did not involve, nor did it need involve, a constitutional attack on the zoning ordinance. Accordingly, he should not be foreclosed from raising that issue in the present action. I respectfully dissent.

CELEBREZZE, C. J., and C. BROWN, J., concur in the foregoing dissenting opinion.

CLIFFORD F. BROWN, J., dissenting. I share all the views expressed in the well reasoned dissent of Justice William B. Brown that the doctrine of *res judicata* and collateral estoppel do not apply to appellant's present declaratory judgment action, and that the judgment of the Court of Appeals should be reversed.

I would add a few observations. Where there has been such a change in the facts since the decision was rendered in an action, which either raises a new material issue or would have been relevant to the resolution of the material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in a later action. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, paragraph two of the syllabus. Here, the prior action involved a quarry site with an area of 24 acres. The parcel of land involved in the instant case is approximately 75.6 acres, which appellant sought to rezone through the proper administrative process. The summary judgment granted appellees precluded consideration of the significance of this change, as well as the increased value of the quarry stone, and the increased need by the public for such materials. This presented a question of material fact precluding the application of the doctrine of *res judicata.*

The consequences of *res judicata* on a judgment apply only to parties to the judgment and their privies. Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts. 46 American Jurisprudence 2d 686, Judgments, Section 532. By this standard appellees, Danbury

Board of Township Trustees, were not in privity with any parties to the first action.

Given the requirement that a landowner must first exhaust his administrative remedies prior to raising the issue of unconstitutionality of the zoning ordinance in a declaratory judgment action, such as the present case, the issue of unconstitutionality of the ordinance was not required to be raised in the first action, an injunction action by the neighboring landowners. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, paragraph four of the syllabus.

Lastly, the doctrine of *res judicata* is not applicable where the public policy of finality of judgments served by said doctrine is greatly outweighed by the manifest injustice resulting from its application. *Schlegel Manufacturing Co.* v. *U.S.M. Corp.* (C.A. 6, 1975), 525 F. 2d 775, 778-779; *Bronson* v. *Bd. of Education* (C.A. 6, 1975), 525 F. 2d 344, 348; *United States* v. *LaFatch* (C.A. 6, 1977), 565 F. 2d 81. Such is the case here.