**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellant,**

v.

**Robert G. ECKHARDT, et al., Defendants-Appellees.**

**No. 81-3536.**

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1982.

Decided Oct. 19, 1982.

Roberta K. Spurgeon, James A. Smith, Squire, Sanders & Dempsey, Cleveland, Ohio, Edward J. Brzytwa, Frank L. Skillern, Jr., Myers N. Fisher, Thomas C. Bahlo, Federal Deposit Ins. Corp., Washington, D. C., for plaintiff-appellant.

Burt Fulton, Charles Kampinski, Cleveland, Ohio, for defendants-appellees.

Before MERRITT, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

This is an appeal from a summary judgment entered in favor of the defendants on grounds of res judicata. The appellant FDIC brought this action to enforce an agreement between the defendants and a bank whose assets it had acquired. The FDIC had brought a previous action in the Court of Common Pleas of Cuyahoga County, Ohio, against these same defendants to foreclose a mortgage. Since both the present action and the mortgage foreclosure action involved the same underlying debt, and since the Ohio State court action was decided in favor of the defendants, the district court held that the present action was barred by the doctrine of res judicata. We reverse and remand for further proceedings.

I

On November 5, 1974, the Northern Ohio Bank (the Bank) loaned $55,000 to Joseph E. Wurstner, Inc. (Wurstner). Appellee Robert G. Eckhardt was the president of Wurstner. On that same day, Mr. Eckhardt and his wife, Joanne, also a codefendant, signed a standard Bank form entitled "Agreement To Be Bound." Basically, this document provided that the Eckhardts would be personally and primarily obligated to pay "any and all loans [then] made or [thereafter] to be made" to Wurstner by the Bank. The loan to Wurstner was evidenced by a promissory note signed by Robert Eckhardt on behalf of Wurstner.

In addition, the Eckhardts signed a real estate mortgage for their residential property with the Bank as mortgagee. The mortgage agreement was signed on November 5, 1974, and was recorded on December 12. However, the Eckhardts did not sign a promissory note in their individual capacity as stated in the mortgage agreement. The only promissory note that was signed was the note executed by Mr. Eckhardt on behalf of Wurstner.

In February 1975, appellant FDIC was appointed receiver for the assets of the Bank. When Wurstner defaulted on the loan, the FDIC recovered a judgment on the promissory note against Wurstner for $60,641.49 ($55,000 plus interest).

After the FDIC had failed to realize any recovery from the judgment against Wurstner, it brought an action in the Court of Common Pleas of Cuyahoga County, Ohio, to foreclose on the mortgage signed by the Eckhardts. The Ohio State Court entered judgment in favor of the Eckhardts. The State court found that, contrary to the terms of the mortgage document, the Eckhardts never executed a promissory note for $55,000 *individually*. Therefore, the court held that there was no consideration for the mortgage. The State court rendered judgment for the defendant Eckhardts on June 20, 1978.

The FDIC then brought the present action in the district court. Jurisdiction was

based upon 12 U.S.C. § 1819. In this action the FDIC seeks to enforce the terms of the "Agreement To Be Bound" described above and to recover a judgment against the Eckhardts personally in the amount of the judgment against Wurstner, plus interest.

In separate answers, the Eckhardts set forth several affirmative defenses, including the defenses of res judicata and collateral estoppel based upon the prior State court judgment in favor of the defendants. The Eckhardts and FDIC both filed motions for summary judgment.

The district court granted summary judgment for the defendants and dismissed the FDIC's complaint with prejudice. The court held that the doctrine of res judicata prohibited the FDIC from maintaining the present action on the Agreement To Be Bound because a recovery based upon the Agreement and a recovery based upon the mortgage were "two different means to the same end, rather than distinctly separate causes of action." Relying upon the *Restatement of Judgments* § 65(1) (1942), and *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir. 1978), the district court held that the FDIC had a choice of remedies which it should have pursued simultaneously in the Ohio State court action, and that "[i]t would be unfair to the defendants" to allow the FDIC to bring a separate action based upon the Agreement To Be Bound. From this ruling the FDIC appeals.

## II

The parties agree that the law of Ohio controls on the question of what res judicata effect should be given the prior judgment in the Court of Common Pleas of Cuyahoga County, Ohio. To support its assertion that Ohio law controls, FDIC cites *Wright v. Georgia Railroad & Banking Co.,* 216 U.S. 420, 30 S.Ct. 242, 54 L.Ed. 544 (1910); and *Union Planters' Bank v. Memphis,* 189 U.S. 71, 23 S.Ct. 604, 47 L.Ed. 712 (1903).

FDIC also relies upon the language of 28 U.S.C. § 1738, implementing the Full Faith And Credit Clause of Article IV, § 1 of the United States Constitution. This statute provides that state judgments "shall have the *same* full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." (Emphasis added.) Some commentators and courts have stated that a federal court sometimes may apply a federal rule of res judicata and give a *greater* preclusive effect to a state court judgment than accorded by the state's law. *Lynn Carol Fashions, Inc. v. Cranston Print Works, Co.,* 453 F.2d 1177 (3rd Cir. 1972); *Hyman v. Regenstein,* 258 F.2d 502 (5th Cir. 1958), *cert. denied,* 359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575 (1959); *In re Transocean Tender Offer Securities Litigation,* 455 F.Supp. 999 (N.D.Ill. 1978); *Eisel v. Columbia Packing Co.,* 181 F.Supp. 298 (D.Mass.1960); Vestal, *Res Judicata Preclusion By Judgment: The Law Applied in Federal Courts,* 66 Mich.L.Rev. 1723, 1726, 1728 (1968); Carrington, *Collateral Estoppel and Foreign Judgments,* 24 Ohio St.L.J. 381 (1963); Comment, *Res Judicata in the Federal Courts: Application of Federal or State Law: Possible Differences Between the Two,* 51 Cornell L.Q. 96 (1965); 68 Colum.L.Rev. 1590 (1968); Restatement (Second) of Judgments § 134, comment g at 80–81 (Tent. Draft No. 7, 1980). *See generally* Annotation, *State of Federal Law as Governing Applicability of Doctrine of Res Judicata or Collateral Estoppel in Federal Court Action,* 19 A.L.R.Fed. 709 (1974).

It appears that the emerging rule is that the preclusive effect of a valid judgment is to be determined by the law of the system which rendered the judgment. *See* Degnan, *Federalized Res Judicata,* 85 Yale L.J. 741, 773 (1976); *Restatement (Second) of Conflict of Laws,* § 95, comment g (1969). *See also General Foods Corp. v. Massachusetts Dept. of Public Health,* 648 F.2d 784, 786–87 (1st Cir. 1981).

Whether a federal rule of res judicata should ever be applied to determine the preclusive effect of a state court judgment on issues of state law need not be decided in the present case. We agree with the parties that Ohio law of res judicata applies here.

## III

The leading decision of the Ohio Supreme Court which appears to control on the res judicata question presented here is *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943). Although the decision has been criticized, *see* 1B Moore's Federal Practice ¶ 0.410[1] at p. 1160 (2d Ed. 1982), the Ohio courts continue to cite it with approval. *See, e.g., Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 431 N.E.2d 672 (1982); *City of Columbus v. Union Cemetery Ass'n.,* 45 Ohio St.2d 47, 341 N.E.2d 298 (1976); *Whitehead v. General Telephone Co. of Ohio,* 20 Ohio St.2d 108, 254 N.E.2d 10 (1969).

The Ohio rule, as stated in *Norwood, supra,* 142 Ohio St. 299, 52 N.E.2d 67, centers upon the definition of "cause of action." Before a judgment in a prior action can bar a subsequent action, "there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same subject matter." *Id.* at 305, 52 N.E.2d at 71.

In *Norwood, supra,* the Ohio Supreme Court held that plaintiff could bring a suit alleging that he was entitled to certain property by virtue of his having inherited it from the decedent who was his common law wife, even though he brought a previous action in which he had sued and lost on the theory that the property had been held by the decedent in trust for him and the decedent during her lifetime and passed to him upon her death. The Ohio court found that the action as heir-at-law was a separate cause of action from the action as beneficiary of a trust. The court stated:

The rule that a judgment is conclusive, not only as to what was determined in an action but as to all issues of fact which properly might have been determined therein, is *limited to cases involving a single cause of action....* Of course, one cannot split a single cause of action ..., but when the second action is upon a different claim, or demand, or cause of action, the judgment in the first suit operates as an estoppel only as to the points or questions actually litigated and determined, and not as to other matters which might have been but were not litigated and determined herein. 142 Ohio St. at 312–13, 52 N.E.2d at 74. (Citations omitted). (Emphasis in original.)

█ In the present case, we conclude that the cause of action based upon the "Agreement To Be Bound" is different from the cause of action based upon the mortgage agreement, under the test applied in *Norwood, supra.* The court in *Norwood* stated the test of whether there is a single or two distinct causes of action for res judicata purposes as follows: "Whether different proofs are required to sustain the two actions is said to be the most accurate test in determining whether the former action is a bar." 142 Ohio St. at 311, 52 N.E.2d at 73.

While the Supreme Court of Ohio has demonstrated a tendency to liberalize its rules of res judicata and collateral estoppel, *see, e.g., Johnson's Island, supra,* 69 Ohio St.2d 241, 431 N.E.2d 672; *City of Columbus, supra,* 45 Ohio St.2d 47, 341 N.E.2d 298, it has not demonstrated any tendency to limit the rule announced in *Norwood, supra,* 142 Ohio St. 299, 52 N.E.2d 67. Accordingly, we hold that the FDIC's action is not barred by res judicata as a result of the prior proceedings to foreclose the mortgage in the Ohio State Court.

The decision of the district court is reversed and remanded for further proceedings. We express no opinion as to the merits of the FDIC's claim or Eckhardts' other affirmative defenses. No costs are taxed. The parties will bear their own costs on this appeal.