**Robert J. KONDRAT, Plaintiff,**

v.

**Barry M. BYRON, et al., Defendants.**

**Civ. A. No. C 83–2953.**

United States District Court,
N.D. Ohio, E.D.

July 9, 1984.

Robert J. Kondrat, pro se.

Patrick T. Ryan, Abraham Cantor, Byron & Cantor, Willoughby, Ohio, for defendants.

ANN ALDRICH, District Judge.

Robert J. Kondrat, acting without an attorney, is suing several officials of the City of Willoughby Hills in a third attempt to compel the City to enforce a Willoughby Hills zoning ordinance, Chapter 1337.02, and to halt alleged damage to Kondrat's property. Kondrat also seeks $300,000 in damages for alleged violations of the Fourteenth Amendment's due process and equal protection clauses.

Construing Kondrat's complaint liberally under *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), this Court recognizes that a properly framed complaint also would have alleged a cause of action under 42 U.S.C. § 1983[1] and would have invoked jurisdiction under 28 U.S.C. §§ 1331 and 1343 and the doctrine of pendent jurisdiction.

Pending before the Court is a Motion for Summary Judgment pursuant to Fed.R. Civ.P. 56 filed on behalf of defendants Barry M. Byron, George Krainsic, and Melvin C. Schaefer, who are Law Director, City Council member and Mayor of the City of Willoughby Hills, respectively, ("Willoughby Officials"). They also seek equitable relief in the form of an order barring Kondrat from filing further *pro se* actions without first obtaining leave of this Court. The primary questions in this case are whether the doctrines of res judicata and collateral estoppel, along with adequate state court remedies bar Kondrat from bringing this action. Upon consideration, the Motion for Summary Judgment is granted and the Motion for Equitable Relief is denied.

**FACTS**

For purposes of the motion for summary judgment, the factual allegations of the complaint will be regarded as true, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The allegations are that Kondrat owns property in Willoughby Hills which has twice been devalued by the Lake County Auditor. The alleged cause of the devaluation is the current city administration's refusal to enforce a local zoning ordinance that "prohibits conditions which deteriorate or debase the appearance of a neighborhood, or reduce property values." As a result, Kondrat contends, a "junkyard" has been allowed to exist in his neighborhood.

This is, however, not the first time that Kondrat has brought an action attempting to enforce the zoning ordinance and recover damages. In fact, this is the third in a series of related actions. The first, brought in the Court of Common Pleas of Lake County, *Kondrat v. City of Willoughby Hills*, No. 80–CIV–1263 (Jan. 22, 1982) named the City of Willoughby Hills as defendant. Finding governmental immunity, no actionable violation of the zoning ordinance, no evidence of property devaluation for the period of 1976 to 1979, and no genuine issue for trial, the trial court granted the City's motion for summary judgment. On appeal, Kondrat chose to argue that the judicial officer who assigned his case was biased. The State Court of Appeals found no support for his argument and upheld the trial court's interpretation of the law, *Kondrat*, No. CA 0–069 (Aug. 30, 1982). Kondrat's motion to certify the record was overruled *sua sponte* by the Ohio Supreme Court. *Kondrat*, No. 83–804 (October 26, 1983). The United States Supreme Court denied Kondrat's petition for writ of certiorari, *Kondrat*, —— U.S. ——, 103 S.Ct. 2091, 77 L.Ed.2d 301, *cert. denied* (1983).

---

**1.** Title 42 U.S.C. § 1983 provides:

"Every person who, under color of statute, ordinance, regulation, custom, or usage, or any State ... subjects, or causes to be subjected any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

The second action, also alleging refusal to enforce the City's zoning ordinance Chapter 1337.02, named the same defendants who are before the Court in this action. Finding that an action for damages could not be sustained against the Willoughby Officials, the trial court granted their motion for summary judgment. *Kondrat v. Schaefer,* No. 83–CIV–0496 (lake County C.P., Mar. 15, 1984). The Common Pleas Court suggested that Kondrat was not without remedy since he could bring a nuisance suit against his neighbor or bring a mandamus action to exact performance. *Id.*

CONCLUSIONS OF LAW

*State Claims*

■ A federal court must give the same preclusive effect to a state court judgment as would be given that judgment under the law of the State in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* —— U.S. ——, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Indeed, the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738 requires all federal courts to give preclusive effect to State court judgments whenever the courts of the State from which the judgment emerged would do so. *Allen,* 449 U.S. at 96, 101 S.Ct. at 415. In its pertinent part, the statute reads:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

■ As has often been recognized, the doctrine of preclusion [2] relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by pre-venting inconsistent decisions, encourages reliance on adjudication. *Allen,* 449 U.S. at 96, 101 S.Ct. at 415; *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210. In addition, reliance on prior state court adjudication promotes the comity between state and federal courts that has been recognized as a bulwark of the federal system. *Allen,* 449 U.S. at 96, 101 S.Ct. at 415. Thus, in the present litigation, the preclusive effect of Kondrat's state court judgment is determined by Ohio law.

■ Under the Ohio law of issue preclusion, Kondrat is barred from bringing suit on the same cause of action. The principle is that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943); *see also Trautwein v. Sorgenfrei,* 58 Ohio St.2d 493, 391 N.E.2d 326 (1979) (final judgment estops a party from relitigating the identical issue raised in the prior action). A final judgment, however, does not bar a subsequent action where the causes of action, are not the same even though each relates to the same subject matter. *Norwood,* 142 Ohio St.2d at 299, 52 N.E.2d at 67; *Whitehead v. General Telephone Co.,* 20 Ohio St.2d 108, 254 N.E.2d 10 (1969).

■ Although the Ohio Supreme Court has demonstrated a tendency to liberalize its preclusion rules, *see, e.g., Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 431 N.E.2d 672 (1982) *City of Columbus v. Union Cemetery Ass'n.,* 45 Ohio St.2d 47, 341 N.E.2d 298,

---

**2.** In order to reduce confusion inherent in the terms res judicata and collateral estoppel, this opinions adopts the methodology Justice Blackmun employed in *Migra.* "Issue preclusion" refers to the preclusive effect of a judgment in foreclosing relitigation of a matter that has pre-viously been litigated and decided. "Claim Preclusion" refers to the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit. *Id.* 104 S.Ct., at 894 n. 1.

299 (1976), the Sixth Circuit in *Federal Deposit Ins. Corp. v. Eckhardt*, 691 F.2d 245, 248 (1982) found that the Ohio Supreme Court has not demonstrated any tendency to limit the cause of action rule announced in *Norwood*[3]. Thus, following the leading Ohio preclusion case, a claim is not barred when "different proofs are required to sustain the two actions." *Norwood*, 142 Ohio St. at 311, 52 N.E.2d at 73.

Applying these principles to the case before this Court, Kondrat's claims can be divided into those he has previously brought in state court and those federal causes of action being brought for the first time. The claim against the Willoughby Officials for refusal to enforce the local zoning ordinance has already been adjudicated against the identical parties in a state court of competent jurisdiction. The unreversed Summary Judgment against Kondrat represents a final determination of the rights of the parties for the cause of action involved. Since Ohio issue preclusion law bars Kondrat from relitigating a cause of action that has previously been decided, the claim for non-enforcement of the zoning ordinance cannot be brought against the Willoughby Officials in this Court.

### Constitutional Claims

■ Kondrat's federal claims may indeed require different proof and may not be barred under the Ohio law of claim preclusion. This Court need not reach the issue since Kondrat's claims may be dismissed on other grounds. Kondrat claims to have been denied both due process and equal protection. Though the Willoughby Officials have failed to address the equal protection claim, this Court can dismiss a meritless claim. "The Equal Protection Clause was intended as a restriction on state legislative action inconsistent with elemental constitutional principles." *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786, *reh'g denied*, 458 U.S. 1131, 103 S.Ct. 14, 73 L.Ed.2d 1401 (1982). While it has grown to encompass other improper governmental classifications, it provides no cause of action against an individual state actor who arbitrarily seeks to deprive individuals of constitutional rights. Kondrat challenges the Willoughby Officials' actions, not any enactment of the City of Willoughby Hills. Consequently, he does not state a valid equal protection claim.

■ Likewise, the due process claim is not valid since Kondrat has not pled or proven that state remedies for redressing the wrong are inadequate. This Court has recently had opportunity to thoroughly discuss the line of cases dealing with § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law. *Moore v. Walker*, No. C82–1502Y (N.D.Ohio, May 31, 1984). Another examination of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983); and *Campbell v. Shearer*, 732 F.2d 531 (6th Cir.1984) is necessary only to note that Kondrat must prove the inadequacy of state law remedies before he can pursue a § 1983 action for deprivation of property without due process. Kondrat has failed to make any such showing. *Vicory*, 721 F.2d at 1065–66; *Campbell*, 732 F.2d at 533–34.

The Court recognizes that Kondrat is acting *pro se* and cannot be expected to know all the intracacies of the law. Nevertheless, the state court judge in Kondrat's second action did recommend two possible routes of action that Kondrat could pursue in state court. *Kondrat v. Schaefer*, No. 83–CIV–0497 (Lake County C.P., March 15, 1984). Either a nuisance suit against his neighbor, or a mandamus action to exact performance, or both, are adequate state remedies. In this purely local, individualized property dispute, adequate remedies, if warranted, can and truly should be obtained in state court. To hold otherwise

---

**3.** In *Migra*, —— U.S. at ——, 104 S.Ct. at 898–99, Justice Blackmun comments on the "gradual evolution" of Ohio preclusion law but does not determine what the state of today's law is. He writes, "Prudence also dictates that it is the District Court, in the first instance, not this Court, that should interpret Ohio preclusion law and apply it." *Id.*, at 899.

would only make § 1983 "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917, quoting *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976).

*Equitable Relief*

 In addition to the Motion for Summary Judgment, the Willoughby Officials seek an injunction barring Kondrat from filing further *pro se* actions without first obtaining leave of this Court. While the equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. § 1651(a), this Court has not been directed to nor has it found any precedent for granting an injunction in a case such as the one before the Court. True, some courts have granted injunctions barring plaintiffs from filing further actions, but in those cases the plaintiffs had filed an uniquely large number of frivolous cases. *See* e.g. *In Re Martin-Trigona*, 573 F.Supp. 1245, 1247 (D.Conn.1983) (plaintiff had filed at least 250 suits); and *In Re Green*, 669 F.2d 779, 781 (D.C.Cir.1981) (per curiam) (plaintiff had filed between 600 and 700 suits).

Including another suit pending in this District, Case No. C84–1230, Kondrat has filed four actions relating to the same alleged occurrences. Even though he responded to the Willoughby Officials' Motion for Summary Judgment and Equitable Relief in a frivolous manner, this Court finds no sufficient grounds on which to grant equitable relief. A District Court's extraordinary powers to grant injunctive relief should be invoked only in extraordinary circumstances. Those circumstances are not present in this action.

CONCLUSION

Kondrat's complaint against the Willoughby Officials for refusing to enforce a Willoughby Hills zoning ordinance cannot be brought in this Court. Following Ohio issue preclusion law, the claim is barred. His equal protection claim is frivolous and must be dismissed. Further, the § 1983

denial of due process claim cannot be heard because there are adequate remedies available in state court. Therefore, the Motion for Summary Judgment is granted.

The Motion for Equitable Relief is denied since the Willoughby Officials have not demonstrated sufficient reason for this Court to use its injunctive power.

IT IS SO ORDERED.