JOURNAL ENTRY AND OPINION
{¶ 1} Third-party plaintiff-appellant, Dorothy Phillips, as executrix of the Estate of Maggie Carden, (the "Estate"), appeals the probate court's decision finding the Maggie L. Carden Revocable Trust Agreement and its 1999 Amendment valid, and reforming the deed that conveyed the East Boulevard property to the Trust. For the reasons that follow, we affirm.
 {¶ 2} Maggie L. Carden ("Carden") created the Maggie L. Carden Trust on June 6, 1992 ("Trust") and named Matilda S. Whitfield and Velma Strode ("Strode") as co-trustees. In funding the Trust, Carden deeded two parcels of real property located on East Boulevard and Cedar Avenue to the Trust, instead of deeding the properties to the trustees of the Trust.
 {¶ 3} In January 1999, Carden executed an Amendment to the Trust naming St. Mark's Presbyterian Church (the "Church") as sole beneficiary of the East Boulevard property and as residual beneficiary under the Trust. Carden died testate in May 1999 and Phillips was appointed executrix of her estate.
 {¶ 4} In July 1999, Strode, as sole surviving trustee, transferred the East Boulevard property to the Church. After the transfer, the Estate filed a complaint for declaratory judgment ("1999 Complaint"), against both Strode, as trustee of the Trust, and the Church. The complaint alleged that Strode was without authority to transfer the property out of the Trust, that the deed transferring the property was void, and thus the property should be made part of the probate estate. In August 1999, the Estate voluntarily dismissed its complaint with prejudice upon reaching a settlement with the Church, whereby the Church would retain possession of the property and would waive its ten percent beneficial interest under Carden's Will.
 {¶ 5} In December 1999, Strode, as trustee, filed a declaratory action against the Estate requesting that the court reform the deeds which funded the Trust.[1] Strode claimed that the Trust itself could not be the transferee of property under Ohio law, but that Carden intended to convey the real property to the trustees, and the court should accordingly correct the deeds to reflect this intent. In response to the complaint, the Estate filed a third-party complaint against the Church and Willie and Patricia Levy (the "Levys"), the current owners of the East Boulevard property. The third-party complaint again requested an order that the East Boulevard property be made part of the probate estate.
 {¶ 6} In 2001, the court conducted a hearing and determined that the Trust and Amendment were valid, that real property was validly conveyed to the Trust, and that the Trust should convey the real property to the Church. On appeal, this court reversed that decision, holding that there was no evidence in the record to support the probate court's decision.Strode v. Phillips, Cuyahoga App. No. 79978, 2002-Ohio-1782 (Strode I). Thus, this court remanded the matter for further proceedings.
 {¶ 7} On remand, the probate court dismissed Strode's declaratory action with prejudice for failure to prosecute, thus leaving the Estate's third-party complaint and the Levys' cross-claim before the court.[2]
The Church filed an amended answer to the third-party complaint, raising the affirmative defense of res judicata. In its summary judgment motion, the Church argued that res judicata barred the Estate's third-party complaint because the claims asserted arose out of the same transaction or occurrence as those contained in the 1999 Complaint, which was settled and dismissed with prejudice.
 {¶ 8} In April 2004, the court conducted a hearing on the third-party complaint and the Levys' cross-claim pursuant to our remand. The court stated in its judgment entry:
"[T]his matter could certainly have been determined by this Court onres judicata in the motions for summary judgment, however, this Courtdecided to revisit the evidence as instructed by the Court of Appeals.The Court of Appeals remanded the matter with instructions to hear moreevidence as to the intent of the settlor and this Court complied fullywith the remand instructions."
 {¶ 9} After considering the merits of the case, the court declared that the Trust and Amendment were valid and ordered that the deed to the East Boulevard property be reformed, that the cross-claim be dismissed as moot, and that costs be paid by the Estate.
 {¶ 10} The Estate appeals, raising nine assignments of error. However, we decline to address the merits of these arguments because the Estate's third-party complaint is barred by res judicata.
 {¶ 11} Under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" State ex rel. Denton v. Bedinghaus,98 Ohio St.3d 298, 301, 2003-Ohio-861, 784 N.E.2d 99, quoting Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Trojanski v. George, Cuyahoga App. No. 83472, 2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. Southridge Civic Assn. v. Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
 {¶ 12} A voluntary dismissal of an action with prejudice acts as an adjudication on the merits and bars all future litigation on the rights asserted, and on those that could have been addressed in the prior action. Eberhardt v. Illius (Nov. 25, 1992), Cuyahoga App. No. 63165, citing Horne v. Woolever (1959), 170 Ohio St. 178, 163 N.E.2d 378. See, also, Thomas v. Freeman (1997), 79 Ohio St.3d 221, 680 N.E.2d 997; TowerCity Properties v. Cuyahoga Cty. Bd. of Revision (1990), 49 Ohio St.3d 67,551 N.E.2d 122.
 {¶ 13} Res judicata applies to the parties in an action and to those in privity with the litigants. Kirkhart v. Keiper, 101 Ohio St.3d 377, 379,2004-Ohio-1496, 805 N.E.2d 1089, citing Johnson's Island, Inc. v. DanburyTwp. Bd. of Trustees (1982), 69 Ohio St.2d 241, 431 N.E.2d 672. A "`mutuality of interest, including an identity of desired result,'" may create privity. Kirkhart, supra, quoting Brown v. Dayton,89 Ohio St.3d 245, 248, 2000-Ohio-148, 730 N.E.2d 958. Moreover, privity is a succession of interest or relationship to the same thing. Star BankNatl. Assn. v. Cirrocumulus Ltd. Partnership (1997), 121 Ohio App.3d 731,748-749, 700 N.E.2d 918; Columbus v. Union Cemetery (1976),45 Ohio St.2d 47, 341 N.E.2d 298.
 {¶ 14} In the instant case, the trial court addressed the merits of the third-party complaint pursuant to our mandate in Strode I. However, in Strode I, the 1999 Complaint was not part of the record on appeal nor was it disclosed to this court. In fact, the existence of the 1999 Complaint was not raised before the trial court until the Church filed its amended answer. Once the 1999 Complaint was revealed, the probate court should have dismissed the matter under the doctrine of res judicata. In fact, the court acknowledged in its judgment entry that it could have dismissed the case but proceeded pursuant to our mandate.
 {¶ 15} Having this new evidence before this court, we find that the 1999 Complaint and the third-party complaint arise out of the same transaction and occurrence and request the same relief regarding the same property. Both complaints request that the court declare the East Boulevard property part of the Carden Estate. By dismissing its 1999 Complaint with prejudice, the Estate was barred from all future litigation seeking to return the property to the Estate.
 {¶ 16} We also find that the two actions named the same parties or parties which were in privity to each other. The Levys, as successors in interest to the East Boulevard property, are in privity with the Church, who held title to the property when the 1999 Complaint was filed and the case was settled.
 {¶ 17} Based on the record before us, the trial court need not have addressed the merits of the third-party complaint, which was clearly barred by res judicata. Therefore, because we find that res judicata bars the claims raised in the Estate's third-party complaint, we decline to address the merits of the Estate's assignments of error. The trial court correctly entered judgment for the Church and its successors in interest to the property, the Levys.
 {¶ 18} Furthermore, we find that the court's reforming the deed complied with the parties' intent in settling the case in 1999 as well as the Amendment to the Trust which named the Church the sole beneficiary of the East Boulevard property. Because the 1999 Complaint sought that the deed be declared void and the property returned to the Estate, the settlement of that case in which Phillips relinquished the Estate's claim to the property meant that the Estate acquiesced in reforming the deed. Therefore, under the specific circumstances presented herein, the trial court was correct to reform the deed to effectuate the parties' 1999 settlement.
 {¶ 19} Accordingly, the assignments of error raised by the Estate are overruled. Judgment affirmed.
It is, therefore, considered that said appellee recover of said appellant the costs herein.
It is ordered that a special mandate be sent to the Probate Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J. Concur.
[1] No issue is raised regarding the Cedar Road property.
[2] The Levys' cross-claim sought restitution if the court determined that the East Boulevard property was improperly transferred and should be made part of the probate estate.