[Cite as *Trabzon Express, Inc. v. Dayton*, 2025-Ohio-391.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| TRABZON EXPRESS INC. | : | |
| | : | |
| Appellant | : | C.A. No. 30184 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 05638 |
| | : | |
| CITY OF DAYTON | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 7, 2025

. . . . . . . . . . .

JOSEPH C. LUCAS, Attorney for Appellant

LEONARD J. BAZELAK, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Trabzon Express, Inc. ("Trabzon") appeals from a judgment of the Montgomery County Court of Common Pleas, which found that its administrative appeal of a zoning decision was barred by the doctrine of res judicata. For the following reasons, we affirm.

## I.     Factual and Procedural History

{¶ 2} This appeal involves property located at 1801 Valley Street in Dayton.   It is undisputed that the property is zoned as "light industrial" and that this classification does not allow the property to be used as a junkyard.   It is also undisputed that the property had been used as a junkyard.

{¶ 3} The property was purchased in April 2021 by Moore Real Estate Holdings, LLC ("Moore"), which began using it as a junkyard.   The City of Dayton issued a notice of a zoning violation for non-conforming use.   According to the City, before Moore acquired the property, a previous owner had voluntarily abandoned the legal non-conforming status and use of the property as a junkyard.   In January 2022, Moore applied for a zoning certificate for the non-conforming use of the property to operate a junkyard.   The City denied the application.

{¶ 4} Moore filed an appeal to the Board of Zoning Appeals ("BZA").   However, the BZA affirmed the City's finding and denial of the application.   Moore then filed an administrative appeal in the Montgomery County Court of Common Pleas; the court affirmed the BZA's decision in December 2022 in Montgomery C.P. No. 2022 CV 2709. Moore filed an appeal with this court, which it later voluntarily dismissed.   While the appeals of the City's denial of Moore's application for a non-conforming use certificate were pending, Moore sold the property to Trabzon.   The record indicates that Trabzon was aware of the ongoing zoning issue at the time of the purchase.

{¶ 5} After Trabzon took possession of the property, it began operating the

property as a junkyard. The City issued Trabzon a notice of zoning violation for non-conforming use. Trabzon appealed to the BZA, which denied the company's request to permit the use as a junkyard as non-conforming use. The BZA further found that the issue had been previously resolved during the litigation involving Moore. Trabzon filed an administrative appeal in the Montgomery County Court of Common Pleas; after taking judicial notice of the 2022 case, the trial court affirmed the decision of the BZA, finding that the matter was barred by the doctrine of res judicata.

{¶ 6} Trabzon appeals.

## II.     Res Judicata

{¶ 7} The sole assignment of error asserted by Trabzon states:

RES JUDICATA DOES NOT APPLY TO THE PRESENT ZONING CASE.

{¶ 8} Trabzon contends that the trial court erred in concluding that res judicata applied. In support, Trabzon argues: "[T]he 2022 decision arose from a different BZA decision than the decision which brought forth this matter. [Trabzon] is not appealing the 2022 BZA decision but a new BZA decision. The two decisions were brought by two different parties who presented two separate cases with different witnesses and evidence."

{¶ 9} The doctrine of res judicata provides that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between

the parties or those in privity with them." *Johnson's Island v. Danbury Twp. Bd. of Trustees*, 69 Ohio St.2d 241, 243 (1982), quoting *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph one of the syllabus. The doctrine "encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 2009-Ohio-1704, ¶ 27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6. "[T]he claim preclusion concept holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Citation omitted.) *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "The doctrine of issue preclusion . . . holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." (Citations omitted.) *Id.* "While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969). "In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." *Id.*

{¶ 10} There is no question that the action in the 2022 case was determined by a court of competent jurisdiction. Further, both cases involved the same issue: whether the City and BZA had correctly concluded that the prior legal non-conforming use status of the property as a junkyard had been voluntarily abandoned by a prior owner, thereby precluding such use. However, Trabzon contends that the prior action did not involve the same parties, evidence, or witnesses.

{¶ 11} This argument lacks merit. Under Ohio law, a party is in "privity" with another if "he succeeds to an estate or an interest formerly held by the other." *City of Columbus v. Union Cemetery Assn.*, 45 Ohio St.2d 47, 51 (1976). "Successive ownership interests in the same property are sufficient to sustain the flow of privity." *Id. Accord Wright v. Heller*, 2018-Ohio-149, ¶ 30 (1st Dist.). Trabzon not only purchased the property from Moore, but it was actually aware of the ongoing litigation at the time of its purchase. Thus, Trabzon could have intervened in that litigation in order to protect its interests.

{¶ 12} While Trabzon claims it has new evidence and witnesses to present, we note that "res judicata operates to 'extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.' " *Wright* at ¶ 30, citing *Ft. Frye Teachers Assn* at 395. "Thus, an attempt to litigate the same claim using a new theory, grounds, evidence or form of relief will not circumvent res judicata" so long as Trabzon is in privity with Moore. *Id.*

{¶ 13} Trabzon alternately argues that the defense of res judicata was waived by the BZA when it permitted Trabzon to present evidence at the hearing on its appeal from the City's decision. Trabzon has not cited, and we cannot find, any legal authority in support of this claim. Further, although the BZA did proceed with a hearing, it also noted during the hearing and in its decision that the matter had already been litigated. As such, we conclude that the BZA did not waive the issue of claim preclusion.

{¶ 14} Based on the record before us, we conclude the trial court did not err in determining that Trabzon's action and appeal were barred by res judicata. Accordingly, the assignment of error is overruled.

### III. Conclusion

{¶ 15} The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.