INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, et al. Plaintiff,

v.

CLEVELAND GEAR CORPORATION, et al. Defendant.

No. C86–305.

United States District Court, N.D. Ohio, E.D.

Sept. 19, 1986.

William P. Bobulsky, Betty Grdina, Bobulsky, Gervelis & Grdina, Ashtabula, Ohio, for plaintiff.

Gilda Spears, Eaton Corp. and Stuart O.H. Mertz, Patricia Ann Haim, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant.

## ORDER

BELL, District Judge.

On February 5, 1986, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), and several individual members of a class of retired hourly employees of the Eaton Corporation and the Cleveland Gear Company filed the above-entitled action against Cleveland Gear Company, Eaton Corporation, Vesper Corporation and the Insurance Plan for Hourly Employees of UAW Divisions of Cleveland Gear (the Insurance Plan). The plaintiffs assert that the defendants have breached their fiduciary duties and other obligations created under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101 *et seq.*, by wrongfully terminating retirement health and life insurance coverages to the class of retired hourly employees.

In an earlier action entitled *UAW, et al. v. Cleveland Gear*, Case No. C83-947 (*UAW v. Cleveland Gear I*) [Available on WESTLAW, DCTU, database] which was filed by the UAW and representatives of the same class of plaintiffs, it was alleged that the defendant Cleveland Gear Company had breached two separate contracts between the parties when the same insurance benefits to which reference is made in the instant action were terminated by that

defendant. The jurisdictional basis of the first suit was section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The underlying facts alleged in *UAW v. Cleveland Gear I* concerned the collective bargaining agreement between Eaton Corporation and UAW, which was entered into on February 6, 1980, and an Insurance Agreement and Insurance Plan which was effective March 1, 1980. It was alleged in the section 301 case that these two agreements between these parties provided certain lifetime insurance benefits to retired hourly employees of the Industrial Drives Division of Eaton Corporation. After the execution of these agreements, Eaton Corporation sold this division to the Vesper Corporation and the division became known as the Cleveland Gear Corporation, a wholly owned subsidiary of Vesper Corporation. The new corporation assumed all responsibilities under the collective bargaining agreement, and continued to provide the retired hourly employees insurance benefits. However, at the expiration of the contracts between the company and the union, certain insurance benefits were terminated, and the retirees were required to absorb a portion of cost of the insurance coverage. Thereafter, no new collective bargaining agreement was negotiated with the union, and the insurance coverage given to the retirees was consistent with the coverage given to the hourly employees working without a contract.

On October 20, 1983 this court entered a judgment in favor of defendant and against plaintiff in *UAW v. Cleveland Gear I.* Specifically, this court held that pursuant to the controlling precedent established by the Sixth Circuit Court of Appeals in *International Union, U.A.W. v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir.1983), the retirees' insurance benefits would only extend beyond the term of contracts between the union and the company if it were the intent of the parties to extend those benefits beyond the contract period. Since the contracts in question expressly limited insurance coverage to the term of the contracts, this court found as a matter of law

that it was not the intent of the parties to extend benefits beyond the contract. Thus, it was held, the class of plaintiffs had no contractual right under the collective bargaining agreement or the insurance plan to receive the benefits beyond the term of the labor contract. On October 24, 1984, 746 F.2d 1477, this judgment was affirmed by the Sixth Circuit and no further appeals were made by the plaintiffs.

Presently before this court are two motions filed in the instant case by the defendants. First, Eaton Corporation has moved to dismiss the complaint contending that the action is barred by the doctrine of res judicata and collateral estoppel, and that the exclusive remedy available to these plaintiffs was that originally pursued, to-wit: one predicated on § 301 of the Labor Management Relations Act. Eaton has also requested sanctions be imposed pursuant to the terms of Rule 11 of the Federal Rules of Civil Procedure on the grounds that the action is frivolous. The second motion before the court is a motion for summary judgment filed by the other defendants, Cleveland Gear Corporation, Vesper Corporation and the Insurance Plan. These defendants also assert that the claims presented in this complaint are barred by the doctrines of res judicata and collateral estoppel. All of the parties have briefed these motions extensively.

The central issue in both motions before this court concerns whether a judgment entered in *UAW v. Cleveland Gear I* and based on the application of the collective bargaining agreement and the insurance agreement pursuant to section 301 of the Labor Management Relations Act should bar a claim for the same relief sought in the instant cause under different legal theories. The courts have long recognized the general doctrine that a successive suit which seeks recovery for the same injury shall be barred by the judgment entered on the merits in the original action. *See: Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Lesher v. Lavrich,* 784

F.2d 193, 195 (6th Cir.1986); *United States v. Stauffer Chemical Co.*, 684 F.2d 1174, 1180 (6th Cir.1982); *Westwood Chemical Co. Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981); *Harrington v. Vandalia-Butler Bd. of Ed.*, 649 F.2d 434, 437 (6th Cir.1981).

■ The Sixth Circuit has stated this doctrine as follows:

The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *See Federated Department Stores, Inc. v. Moitie*, [452] U.S. [394], [397] [–] [406], 101 S.Ct. 2424, 2427–2431, 69 L.Ed.2d 103 (1981); *James v. Gerber Products Co.*, 587 F.2d 324, 327–28 (6th Cir.1978). A final judgment on a claim is res judicata and bars relitigation between the same parties or their privies on the same claim. *See Federated Department Stores, supra*, [452] U.S. at [397], 101 S.Ct. at 2427; *Herendeen v. Champion International Corp.*, 525 F.2d 130, 133 (2d Cir.1975). It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. *See James, supra*, 587 F.2d at 328. To constitute a bar, there must be an identity of the causes of action— that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *See Herendeen, supra*, 525 F.2d at 133–34; *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 269 n. 9 (6th Cir.1979).

*Westwood Chemical Co. Inc. v. Kulick, supra*, 656 F.2d at 1227. Briefly stated then, in order for a final judgment to operate as a bar to subsequent litigation, that second action must involve the same parties or their privies and an identity of facts which create the causes of action.

■ The plaintiffs in this action are, in essence, the same plaintiffs who brought the 1983 action. The UAW is a named party in both actions. The class of retired employees of Cleveland Gear Co. and its predecessor, Eaton Corporation, was also a party to both actions, although the class

representatives in this action are not the same individuals who represented the class previously. Hence, the plaintiff must, as a matter of law, be considered as the same party in both cases.

With the exception of the defendant Cleveland Gear Company, the remaining defendants in this case were not named as parties in *UAW v. Cleveland Gear I*, the 1983 action. However, these defendants are also be bound by the earlier judgment if their relationship to the Cleveland Gear Company is determined to be sufficiently close to establish privity. In this regard the Sixth Circuit has held:

We also reject Fordee's argument that a successor in interest must formally take over its predecessor's business. In *Schnitger v. Canoga Elec. Co.*, 462 F.2d 628 (9th Cir.1971) (*per curiam*), the court found privity between a prospective buyer of infringing products and their manufacturer, who had previously been enjoined from selling them. This derivative successive interest to the same property right was sufficient to establish privity. *See Amer. Equip. Man. Co. v. Wikomi Man Co.*, 630 F.2d 544 at 545 n. 1 (7th Cir.1980).

Federal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel. *Jackson v. Hayakawa*, 605 F.2d 1121 (9th Cir.1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980). *See also Montana v. United States*, 440 U.S. 147, 155–158, 99 S.Ct. 970, 974–76, 59 L.Ed.2d 210 (1979). The evidence in the record convinces us that Fordees' interests were "so closely aligned" with those of M & G that they were fairly represented in the Pennsylvania proceedings. *See Aerojet-General Co. v. Askew*, 511 F.2d 710 (5th Cir.1975), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). *See also Jefferson School of Soc. Science v. Sub. Act Control Bd.*, 331 F.2d 76 (D.C. Cir.1973).

*Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1111 (6th Cir.1981). Applying this

standard to the facts as those facts are alleged in the plaintiffs' complaint, this court must conclude that all of the remaining defendants have a relationship with Cleveland Gear sufficiently close to establish privity.

Cleveland Gear Co. is to be the successor in interest of Eaton Corporation on the collective bargaining agreement and on the insurance agreements. Under such circumstances as are apparent here, the interests of Cleveland Gear and Eaton must be considered to be closely aligned as defined in *Vulcan Inc. v. Fordees Corp., supra,* in any action concerning these agreements.

The same conclusion must be reached concerning the allegations directed to Vesper Corporation. The plaintiffs have alleged that Cleveland Gear Co. is a subsidiary corporation of Vesper Corporation, and that Vesper maintains sufficient control over the subsidiary to be considered an "alter ego or agent." In addition, the plaintiffs have alleged in their pleadings that "the business interests of Vesper Corporation and Cleveland Gear were one and the same and inseparable." Construing these allegations in a manner most favorable to the plaintiff, the court must find, as a matter of law, that for the purpose of this motion these defendants are sufficiently close to establish privity.

The final defendant is the Insurance Plan which plaintiff contends is an employee welfare benefits plan within the meaning of ERISA. With respect to this defendant, the plaintiffs have stated in their complaint the following allegations:

> 20) Defendants, Cleveland Gear Company, Eaton Corp. and Vesper Corporation, are Plan Sponsors, and are fiduciaries or co-fiduciaries within the meaning of ERISA, with respect to the administration of the retirement health and life insurance coverages set forth in the Insurance Plan.

By definition a fiduciary, such as Cleveland Gear, is impressed with the duty of considering the best interest of the Insurance Plan when taking any action of its behalf. Such a relationship between two parties would satisfy the privity requirement defined in *Vulcan Inc. v. Fordees Corp., supra.*

The second criteria to be considered in any application of the doctrine of res judicata concerns whether the present allegations involve an identity of facts which were in dispute in *UAW v. Cleveland Gear I* under section 301. As in that previous suit, the relief being sought in the plaintiffs' complaint is a determination that the class of retired employees are "entitled to lifetime health and life insurance coverages at the benefit levels set forth in the pre–1983 Insurance Plan Summary Plan Description." The facts underlying both claims are identical in that both actions require this court to review the insurance plan documents in conjunction with the events surrounding the failure of the UAW and Cleveland Gear Co. to execute a new collective bargaining agreement to determine if any violation of the law has occurred. The sole difference between the two actions under discussion is the difference in approach to plaintiff's application for remedial assistance. *UAW v. Cleveland Gear I* has as its predicate application of the Labor Management Relations Act; the instant is bottomed upon application of the ERISA statutes.

The plaintiff has argued that the judgment rendered in the first action should not operate as a bar to this case because that judgment, in essence, was not a final judgment. This argument has as its source the language found in Judge Merritt's opinion of October 24, 1984, wherein the earlier judgment of this court was affirmed by the Sixth Circuit. The circuit court stated:

> Since our decision is limited to whether the language of these two agreements created any vested rights in the retirees as to health and life insurance benefits, our decision is without prejudice to any action based on a theory of recovery *other than under the two contracts at issue* and therefore is without prejudice as to any proceedings that may be initi-

ated under Rule 15, F.R.Civ.P., or otherwise.

Accordingly, the judgment of the District Court is affirmed. (Emphasis added.)

It is clear from Judge Merritt's opinion that all actions founded upon the collective bargaining agreement or the insurance plan regardless of the legal theory presented would be subject to an application of res judicata. Any other construction given this language would be inconsistent with other Sixth Circuit rulings concerning the finality of judgments and res judicata. *See Lesher v. Lavrich, supra,* 784 F.2d at 195; *Westwood Chemical Co. v. Kulick, supra,* 656 F.2d at 1227. In the instant cause the plaintiffs' claims under ERISA and the pendant state law claims are all predicated upon the insurance plan and the defendants' administration of that agreement between the parties. Therefore, the claims presented in this action were not preserved by the language of the opinion set forth above.

The final issue to be addressed concerns Eaton Corporation's request for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Previously this court has addressed the issue of sanctions at great length and has held that such sanctions shall be administered only when there has been demonstrated a lack of a good faith argument for the prosecution of an action. *See Van Dorn Co., Cent. States Can Co. v. Howington,* 623 F.Supp. 1548, 1559 (N.D.Ohio 1985); *Gilmer v. City of Cleveland,* 617 F.Supp. 985 (N.D.Ohio 1985). The court does not find that sanctions would be appropriate in this action.

Accordingly, the judgment previously entered in *UAW v. Cleveland Gear,* Case No. 83-947 operates as res judicata to the action presently before the court. For the reasons stated above, defendant's motions are granted except the motion for sanctions and the cause dismissed.

IT IS SO ORDERED.