23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Brian G. TACKETT, Plaintiff-Appellant,
v.
O.B. COMBS, Defendant-Appellee.
 No. 93-6155.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Brian G. Tackett, a pro se federal prisoner, appeals a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. Sec. 1983, for failure to state a claim. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tackett filed this action against the jailer of a Kentucky local jail where he was housed as a pre-trial detainee pending his federal criminal trial. He alleged that defendant had refused to permit him to meet privately with the paralegal/secretary of his stand-by counsel and had thereby deprived him of access to the courts. He sought relief in the form of dismissal of the federal indictment. Defendant's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) was granted by the district court.
 
 
 3
 On appeal, Tackett argues that the district court erred in dismissing his complaint with prejudice and that he should have been permitted to amend his complaint to request declaratory and monetary relief. Defendant argues that the complaint was properly dismissed for the reasons stated by the district court. Defendant also argues that the complaint was barred by issue preclusion, as Tackett had filed a duplicate action in state court which was dismissed on the merits one month prior to the order in this case. Tackett responds that this court should not consider the latter argument because it was not raised in the district court.
 
 
 4
 Upon review, we conclude that this complaint was properly dismissed for failure to state a claim of denial of access to the courts. Tackett has not shown that his access to the courts was impaired by the denial of a private consultation with his stand-by counsel's paralegal/secretary, where he had available mail, telephone, and face-to-face contacts with his stand-by counsel. See Crusoe v. DeRobertis, 714 F.2d 752, 757 (7th Cir.1983). Here Tackett had waived appointed counsel in his criminal case, but was afforded access to a law library and stand-by counsel. Tackett may not complain because he did not avail himself of the alternative methods of access to the courts provided by prison officials, but would have preferred confidential consultation with the paralegal/secretary. See United States v. Smith, 907 F.2d 42, 45 (6th Cir.), cert. denied, 498 U.S. 986 (1990); Holt v. Pitts, 702 F.2d 639, 640-41 (6th Cir.1983) (per curiam).
 
 
 5
 Moreover, the defendant correctly points out that this complaint could have been dismissed on the ground of issue preclusion, as Tackett's duplicate state action was dismissed on the merits prior to the decision in this case. See Lesher v. Lavrich, 784 F.2d 193, 195 (6th Cir.1986). This court may affirm the district court's dismissal if correct on any ground, even one not considered by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). The failure to raise this issue below is explained by the fact that the state court decision was entered after the defendant's motion to dismiss was filed. See also Lesher, 784 F.2d at 195.
 
 
 6
 We find no merit to Tackett's argument that he should have been granted leave to amend his complaint to request alternative relief, where he did not seek such leave in the district court. See Song v. City of Elyria, Ohio, 985 F.2d 840, 842-43 (6th Cir.1993). Nor did the district court abuse its discretion in dismissing this complaint with prejudice, see Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir.1990), as it has been shown to be both legally meritless and barred by issue preclusion.
 
 
 7
 Defendant requests a remand to the district court for an award of attorney fees and costs. We do not find a remand to be necessary in this case. See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591-92 (6th Cir.1987). However, we do find this appeal to be frivolous. Accordingly, defendant is entitled to its costs under Fed.R.App.P. 38. Id. A bill of costs may be submitted within fourteen days of the entry date of this order.
 
 
 8
 The district court's order dismissing this complaint is affirmed for the reasons stated by the district court and because the complaint was barred by issue preclusion. Rule 9(b)(3), Rules of the Sixth Circuit.