This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Winner, Jr. ("Winner"), appeals the decision of the Summit County Court of Common Pleas granting judgment in favor of Appellees Dennis and Mary Courtad ("Courtads"). We reverse in part and affirm in part.
 I.
In November 1983, the Courtads purchased real estate, known as 3400 East Aurora Road, Twinsburg, Ohio ("Property") from Winner. The Courtads executed a promissory note ("Note") for $50,000. On November 28, 1983, the Courtads executed a mortgage on the Property to secure the Note. On August 25, 1988, Winner filed suit against the Courtads in Mercer County, Pennsylvania, seeking payment on several checks returned for insufficient funds. The Pennsylvania case was eventually discontinued.
On June 7, 1989, Winner filed an action against the Courtads in the Summit County Court of Common Pleas, Case No. CV89-06-1722, to foreclose the 1983 mortgage. Prior to trial, the parties reached a settlement. As part of the settlement, the Courtads executed a cognovit installment note ("Installment Note") for $45,000, including 10% interest from November 1992 for the Property. The Installment Note provided that the Courtads would make four installment payments of $11,250 on November 1, 1992; December 1, 1992; January 1, 1993 and February 1, 1993. The Installment Note further provided that "[t]he obligations due under this Note shall be secured by a mortgage deed relating to commercial property located at 3400 East Aurora Road, Twinsburg, Ohio." The trial court's July 7, 1992 journal entry dismissed the case stating "[t]he Court, having been advised that the parties have reached an agreement in this case, orders this matter to be marked `SETTLED and DISMISSED[.]'"
The record reflects that the Courtads made only one payment of $11,250 on November 1, 1992. On June 7, 1996, Winner received an ex parte order to vacate the 1992 settlement pursuant to Civ.R. 60(B)(4) and the case was reactivated. On December 2, 1997, the trial court vacated the ex parte order and denied Winner's motion for relief from judgment pursuant to Civ.R. 60(B).
On March 17, 2000, the Courtads filed an action against Winner to quiet title on the Property. The Courtads asserted that the July 7, 1992 order dismissing the action rendered the 1983 mortgage null and void. Winner counterclaimed for the amount due on the Installment Note, $33,750 plus 10% interest. The case proceeded to a trial before the magistrate who issued a proposed decision and a supplemental decision. Both parties objected to the magistrate's decisions.
On May 23, 2001, the trial court ordered judgment in favor of the Courtads regarding the 1983 mortgage finding that Winner's claim to foreclose the 1983 mortgage was barred by res judicata. The trial court also found that there was insufficient evidence in the record to demonstrate that the Installment Note was secured by the 1983 mortgage. The trial court awarded judgment in favor of Winner in the amount of $33,750 plus 10% interest.
This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT DEFENDANT'S CLAIM FOR FORECLOSURE OF THE MORTGAGE WAS BARRED BY RES JUDICATA.
In his first assignment of error, Winner argues that the trial court erred in finding his counterclaim was barred by res judicata. We agree.
Res judicata is the doctrine that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382. Res judicata also precludes parties from relitigating issues in a subsequent action that were in issue in a previous action, even if the cause of action is different. Johnson's Island v. Bd. of Twp. Trustees
(1982), 69 Ohio St.2d 241, 244. The policy underlying the doctrine is to ultimately put an end to any given litigation and to ensure that a party will not be "vexed twice for the same cause." LaBarbera v. Batsch
(1967), 10 Ohio St.2d 106, 113.
In the present case, the trial court found that the July 31, 1992 order finding that Winner's 1989 action to foreclose the 1983 mortgage was "SETTLED and DISMISSED" ended any further rights Winner had on the 1983 mortgage. Therefore, the trial court reasoned that Winner's "claim for foreclosure of the [1983] Mortgage is barred by the doctrine of resjudicata." Additionally, the trial court found that the Installment Note did not clearly make reference to the 1983 mortgage as security for the Installment Note.
We begin with the trial court's finding regarding the Installment Note's failure to clearly reference the 1983 mortgage. The record reflects that both parties stipulated at trial that it was not the intention of the parties to create a new mortgage to secure the Installment Note. Therefore, there is sufficient evidence in the record to support a finding that the language of the Installment Note providing that the note "shall be secured by a mortgage deed" refers to the 1983 mortgage.
Next, we turn to the trial court's finding that res judicata barred Winner's counterclaim. A careful review of the pleadings reveals that Winner did not assert any claims based on the 1983 mortgage. The Courtads filed an action to quiet title on the 1983 mortgage and Winner counterclaimed for payments due under the Installment Note. In other words, Winner sought damages for a breach of contract, the Courtads' default of the Installment Note. At trial, Winner asserted that the 1983 mortgage, which was security for the Installment Note, would continue as a lien on the Property as long as the Courtads were in default of the Installment Note. The record further reflects that the Courtads made only one payment on the Installment Note in the amount of $11,250. Accordingly, the Courtads have failed to meet their obligations under the Installment Note.
The trial court erred in holding that res judicata barred Winner's action to foreclose the mortgage, as no such foreclosure action was pending before the trial court. Having found that the Courtads made only one payment on the Installment Note that was secured by the 1983 mortgage, we find it was also error to quiet title on the 1983 mortgage. Winner's first assignment of error is sustained.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE DEFAULT PENALTY PROVISIONS OF THE 1992 COMMERCIAL PROMISSORY NOTE WAS UNENFORCEABLE.
In his second assignment of error, Winner argues that the trial court erred in finding that the $40,000 default penalty contained in the Installment Note was unenforceable. We disagree.
When a stipulated or liquidated damages provision actually constitutes a penalty, such provision is unenforceable for public policy reasons. SeeLake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381. "Whether a sum specified in a contract is intended as a penalty or as liquidated damages depends upon the operative facts and circumstances surrounding each particular case." Samson Sales, Inc. v. Honeywell, Inc. (1984),12 Ohio St.3d 27, 28-29. Whether a provision constitutes liquidated damages or a penalty is a question of law for the court. Lake RidgeAcademy, 66 Ohio St.3d at 380. Therefore, this court reviews the questionde novo.
Generally, parties are free to enter into contracts that include a provision which apportion damages in the event of default. Contracting parties may provide for damages to be paid in the event of a breach if the provision does not disregard the principle of compensation; these damages are considered to be liquidated damages. The test to determine whether a contract provision for stipulated damages provides for liquidated or punitive damages (forfeiture) is the following:
 [w]here the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.
Samson Sales, Inc., 12 Ohio St.3d at syllabus.
In the present case, the Installment Note contained the following provision:
 [i]f any installment on this Note is not paid within fifteen (15) days following the due date as set forth above, the holder hereof shall give written notice of such default to the undersigned at 3400 East Aurora Road, Twinsburg, Ohio and the undersigned shall have ten (10) days from the receipt of notice in which to cure the default, then the entire unpaid principal hereof, together with interest, and a Forty Thousand Dollar ($40,000.00) penalty payment, shall at once become due and payable at the option of the holder hereof[.]
In our analysis of this damages clause of the Installment Note, we look only at the provisions of the contract before us. We make our determination without regard to the prior dealings between these two parties. First, we must determine whether the damages for the default of the Installment Note would be "uncertain as to amount" and difficult to prove. This type of damages would ordinarily not be difficult to prove. Next, we must determine whether the contract is so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intent of the parties. Stipulated damages in the amount of $40,000 on a $45,000 note is an amount disproportionate to the actual damages that resulted from failing to make an installment payment of $11,250.
Under the facts and circumstances of this case, we conclude that Winner's claim for liquidated damages in the amount of $40,000 plus 10% interest bears no reasonable relationship to his actual damages. There is evidence in the record to support the trial court's conclusion that the clause imposed a penalty. Moreover, the Installment Note itself states that the forty thousand dollars operates as a penalty. Consequently, we conclude that the trial court did not err by deeming the stipulated damages provision to be unenforceable. Winner's second assignment of error is overruled.
 IV.
Having sustained Winner's first assignment of error and having overruled Winner's second assignment of error, the judgment of the trial court is reversed in part regarding the order to quiet title in favor of the Courtads and affirmed in part regarding the unenforceability of the $40,000 stipulated damages provision. The cause is remanded for further proceedings consistent with this opinion.
Judgment reversed in part, affirmed in part and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
SLABY, P.J. CONCURS