[Cite as *Bank of Am. Corp. v. Haley*, 2021-Ohio-2018.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF AMERICA CORPORATION, et al.

    Appellees

    v.

STEPHEN T. HALEY

    Appellant

C.A. No.    29644

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-02-0736

DECISION AND JOURNAL ENTRY

Dated: June 16, 2021

SUTTON, Judge.

{¶1} Defendant-Appellant, Stephen Haley, appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms the decision below.

I.

{¶2} Appellees-Plaintiffs Bank of America Corporation ("BAC"), Bank of America, N.A., ("BANA"), Merrill Lynch, Pierce, Penner & Smith ("Merrill Lynch"), and BAC Field Services Corporation ("BACFSC") (collectively "Appellees") jointly filed a complaint seeking declaratory judgment from the Summit County Court of Common Pleas as to whether Mr. Haley could enforce a default judgment obtained against "Bank of America f/k/a Countrywide Field Services Corporation" against Appellees. Mr. Haley obtained the default judgment against "Bank of America f/k/a Countrywide Field Services Corporation" in *Maxim Enterprises, Inc. v. Stephen Haley*, Summit County Common Pleas Court, Case No. CV-2008-07-5093 ("2008 Default Judgment Case").

**The 2008 Default Judgment Case**

{¶3}    Previously, in *Maxim Enterprises, Inc. v. Haley*, 9th Dist. Summit No. 28126, 2018-Ohio-72, ¶ 2, ("2018 appeal") this Court summarized the procedural history of the 2008 Default Judgment Case as follows:

Countrywide Field Services ("Countrywide") provided real property inspections and maintenance services to mortgage servicers. Countrywide contracted with Maxim Enterprises, Inc. ("Maxim") to provide these services on properties located in Ohio. Maxim subcontracted this work to several subcontractors. The subcontractors claimed to have provided services to the properties, but denied having received payment from Maxim. Mr. Haley entered into agreements with the subcontractors, wherein the subcontractors assigned their accounts receivable and claims to Mr. Haley. Mr. Haley claimed that he contacted Maxim for payment and that Maxim responded that it had not provided payment to the subcontractors because Countrywide had not provided payment to Maxim.

In 2008, Maxim filed a complaint against several parties, including Mr. Haley, wherein Maxim alleged that Mr. Haley engaged in tortious interference with a business relationship and civil conspiracy. Thereafter, Mr. Haley filed a third-party complaint against several parties, including Countrywide. This initial third-party complaint was dismissed in 2009. Later that year, Mr. Haley again filed a third-party complaint against several parties, including "Bank of America fka Countrywide Field Services Corporation," ("Bank of America"). Bank of America failed to answer the third-party complaint, and Mr. Haley moved for default judgment, which the trial court granted in 2010.

On April 16, 2010, Mr. Haley filed a praecipe for a writ of execution against Bank of America dba Merrill Lynch. On April 28, 2010, "BAC Field Services Corporation" ["BACFSC"] filed a motion to stay execution of judgment. In its motion, [BACFSC] argued, in part, that it was also known as "Bank of America Field Services," but it was "improperly named in the third party complaint * * * as 'Bank of America f/k/a Countrywide Field Services Corporation[.]'" [BACFSC] requested the court to stay the proceedings to enforce the judgment pending the disposition of a motion brought pursuant to Civ.R. 60. [BACFSC] then filed its Civ.R. 60(B) motion, in which it again argued, in part, that it was incorrectly named in the third-party complaint as "Bank of America fka Countrywide Field Services Corporation[.]" [BACFSC] maintained that "Bank of America" was a non-entity, and that Bank of America Corporation was its parent company and was never known as "Countrywide Field Services Corporation."

The trial court granted [BACFSC's] motion in an order dated June 18, 2010. Subsequently, [BACFSC] filed an answer to the third-party complaint and cross claims against Maxim. Mr. Haley then attempted to appeal from the June 18, 2010

order, and we dismissed his appeal for lack of a final appealable order. *See Maxim Ents, Inc. v. Haley*, 9th Dist. Summit No. 25459, 2011-Ohio-6734. [While the appeal was pending, [BACFSC] filed a motion for judgment on the pleadings, which it renewed following the dismissal of the appeal.] Thereafter, the trial court issued another order granting [BACFSC's] motion to vacate the default judgment, and including language that there was "no just reason for delay" pursuant to Civ.R. 54(B).

Mr. Haley appealed and this Court remanded the matter to the trial court for the express purpose of clarifying its reasoning. *Id*. at ¶ 3. Upon remand, Mr. Haley filed a motion to reinstate the default judgment and a motion to strike all motions and pleadings filed by BACFSC for failing to intervene pursuant to Civ.R. 24. *Id*. at ¶ 7. Following reassignment to a different judge, and a request for additional briefing, the trial court concluded that Mr. Haley's default judgment was against a non-entity and ordered the judgment against "Bank of America f/k/a Countrywide Field Service Corporation" vacated. *Id*. Mr. Haley again appealed to this Court. *Id*. In resolving the 2018 appeal, this Court concluded BACFSC did not properly intervene in the matter and therefore its filings in the case were not properly before the trial court. *Id*. at ¶ 17. As such, BACFSC's filings were stricken from the record and the judgment of the trial court vacating Mr. Haley's default judgment was reversed and remanded. *Id*.

{¶4} After this Court's ruling in the 2018 appeal, BACFSC filed a motion to intervene, which was subsequently denied by the trial court leaving Mr. Haley's default judgment against "Bank of America f/k/a Countrywide Field Services Corporation" on the record. Neither BACFSC, nor Mr. Haley, appealed the judgment denying BACFSC's motion to intervene. Instead, BACFSC joined the other Appellees and filed the complaint for declaratory judgment at issue in this appeal.

**Complaint for Declaratory Judgment**

{¶5}    In their complaint for declaratory judgment, Appellees asserted that none of them have ever been known as "Bank of America f/k/a Countrywide Field Services Corporation" and that "Bank of America f/k/a Countrywide Field Services Corporation" was not a known legal entity.  As such, Appellees argued Mr. Haley's default judgment could not be enforced against them.  In conjunction with their complaint, Appellees filed a motion for preliminary injunction seeking to prevent Mr. Haley from obtaining a writ of execution against any of Appellees and from seizing any property of Appellees.

{¶6}    In response, Mr. Haley, however, argued "Bank of America f/k/a Countrywide Field Services Corporation" was a valid legal entity and that "Bank of America" was liable under the default judgment.

**Preliminary Injunction Hearing**

{¶7}    At the hearing on the preliminary injunction, Appellees presented testimony from David Wyatt, the Chief Financial Officer and Treasurer for BACFSC and Senior Vice President and Manager of Finance for BANA.  Mr. Wyatt testified that Countrywide Field Services Corporation changed its name to BACFSC effective April 27, 2009.  Mr. Wyatt acknowledged BACFSC was the legal entity formerly known as Countrywide Field Services Corporation, but that he was not aware of any legal entity named "Bank of America f/k/a Countrywide Field Services Corporation."  Mr. Wyatt testified BACFSC remained a separate and distinct corporate entity and BACFSC never operated under the trade name "Bank of America."  The trial court ultimately granted the Appellees' motion for a preliminary injunction preventing Mr. Haley from obtaining a writ of execution against any of Appellees.

**Motions for Summary Judgment**

{¶8}    Mr. Haley moved for summary judgment on the basis that whether his default judgment was against a non-entity was an issue that was litigated in the 2008 Default Judgment Case and related appeals.  Mr. Haley claimed the prior cases precluded Appellees from filing the complaint for declaratory judgment.  Appellees then filed a motion for summary judgment arguing that none of the Appellees were parties to the 2008 Default Judgment Case, and, therefore, could not be judgment debtors to Mr. Haley's judgment against "Bank of America f/k/a Countrywide Field Service Corporation."

{¶9}    On October 22, 2018, the trial court denied Mr. Haley's motion for summary judgment because Mr. Haley had failed to establish mutuality of the parties or claims in the 2008 Default Judgment Case.  Subsequently, on December 12, 2019, the trial court granted the Appellees' motion for summary judgment, finding against Mr. Haley and issuing a permanent injunction preventing Mr. Haley from executing his judgment against any of the Appellees.  The trial court found Mr. Haley presented no admissible evidence to support his claim that "Bank of America f/k/a Countrywide Field Services Corporation" constituted a trade name or fictitious name of any of the Appellees within the meaning of R.C. 1329.01.  The trial court also rejected Mr. Haley's argument that the "f/k/a Countrywide Field Services Corporation" portion of the judgment debtor name in the 2008 Default Judgment Case should be ignored as surplusage. Further, the trial court noted Mr. Haley failed to establish BACFSC ever operated under the trade name or fictitious name "Bank of America," and the only entities that had ever operated using the trade name "Bank of America" were BAC and BANA.

{¶10} The October 22, 2018 order denying Mr. Haley summary judgment and the December 12, 2019 order granting Appellees summary judgment form the basis of Mr. Haley's appeal.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO SUPPLEMENT THE RECORD ON APPEAL WITH THE RECORD OF JUDGMENT CASE CV-2008-07-5093 AFTER INCORPORATING THE JUDGMENT CASE RECORD WITHIN ITS ORDER DENYING [MR.] HALEY'S MOTION FOR SUMMARY JUDGMENT BASED ON THE DOCTRINE OF RES JUDICATA AND WAIVER AND USING THE JUDGMENT CASE RECORD TO PROVIDE THE FACTUAL BASIS DENYING [MR.] HALEY'S MOTION TO DISMISS THE INJUNCTION CASE CV 2018-02-0736 FILED BY [APPELLEES] BASED ON THE DOCTRINE OF RES JUDICATA AND WAIVER.**

{¶11} In his first assignment of error, Mr. Haley argues the trial court erred by failing to allow him to supplement the record with filings from the 2008 Default Judgment Case.

{¶12} Mr. Haley first moved this Court to supplement the record in this case with the entire record from the 2008 Default Judgment Case. Under App.R. 9(E), his request was denied because the issue of supplementation was to be submitted and settled by the trial court. This Court stayed the appeal and Mr. Haley filed a Motion to Supplement the Record with the trial court. The trial court denied the motion on the grounds that the entire record from the 2008 Default Judgment Case was not considered when the trial court rendered its decision. Some of the filings from the 2008 Default Judgment Case were considered because they were attached as exhibits, but the entire record from the 2008 Default Judgment case was not.

{¶13} Mr. Haley's first assignment of error appears to challenge the trial court's decision to deny his motion to supplement the record. However, that decision is not properly before this Court because Mr. Haley failed to amend his Notice of Appeal to include it. However, even if the

order denying his motion to supplement the record was properly before this Court, Mr. Haley's assignment of error would not be well taken. Under App.R. 9(A), the record on appeal is constituted of only materials that the trial court considered in the case. The trial court cannot add additional materials to the record on appeal that were not filed during the pendency of the case. *See State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978).

{¶14} Mr. Haley's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT HELD THAT THE TRADENAME "BANK OF AMERICA," OWNED AND USED SOLELY BY BANK OF AMERICA CORP., AND BANK OF AMERICA, N.A., IS A NON-ENTITY, WHICH RESULTED FROM THE TRIAL COURT FAILING TO APPLY ORC § 1329.10(C) WHICH PERMITS AN ACTION TO BE COMMENCED AGAINST THE USER OF A FICTITIOUS OR TRADENAME IN OHIO WHEN THE CORPORATION FAILS TO FILE A NOTICE OF USE OF A TRADENAME OR FICTITIOUS NAME OR REGISTER TO DO BUSINESS IN OHIO.**

{¶15} In his second assignment of error, Mr. Haley argues the trial court improperly applied R.C. 1329.10(C) when granting summary judgment in favor of Appellees. Mr. Haley argues that the trial court was incorrect in its conclusion that "Bank of America f/k/a Countrywide Field Services Corporation" was not a trade name or fictitious name of any of the Appellees.

{¶16} In response, Appellees argue that Mr. Haley did not sue the trade name "Bank of America," that "Bank of America f/k/a Countrywide Field Services Corporation" is not a trade name or fictitious name, and that parent and subsidiary corporations are separate and distinct legal entities.

### R.C. 1329.10(C)

{¶17}  R.C. 1329.10(C) states: "an action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with section 1329.01 of the Revised Code."

{¶18}  A trade name is defined in R.C. 1329.01(A)(1) as:

"Trade name" means a name used in business or trade to designate the business of the user and to which the user asserts a right to exclusive use.

{¶19}  A fictitious name is defined in R.C. 1329.01(A)(2) as:

"Fictitious name" means a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name. It does not include the name of record of any domestic corporation that is formed under Chapter 1701 or 1702 of the Revised Code, any foreign corporation that is registered pursuant to Chapter 1703. of the Revised Code, any domestic or foreign limited liability company that is formed under or registered pursuant to Chapter 1705. of 1706. of the Revised Coe, any domestic or foreign limited liability company that is formed under or registered pursuant to Chapter 1705. or 1706. of the Revised Code, any domestic or foreign limited partnership that is formed or registered pursuant to Chapter 1782. of the Revised Code, or any domestic or foreign limited liability partnership that is formed under or registered pursuant to Chapter 1775. or 1776. of the Revised Code.

### "Bank of America f/k/a Countrywide Field Services Corporation" is not a trade name or a fictitious name

{¶20}  It is undisputed by Mr. Haley and Appellees that none of the Appellees have ever used the name "Bank of America f/k/a Countrywide Field Services Corporation" in business or trade.  Additionally, the parties do not dispute that there is no legal entity known as "Bank of America f/k/a Countrywide Field Services Corporation."   It is well established and accepted law that "an action may only be brought against a party who actually or legally exists and has the capacity to be sued." *Barnhart v. Schultz*, 53 Ohio St.2d 59, 61 (1978), overruled for other reasons by *Baker v. McKnight*, 4 Ohio St.3d 125 (1983), citing *Cobble v. Farmers' Bank*, 63 Ohio St. 528 (1900).  Furthermore, it is axiomatic that if "Bank of America f/k/a Countrywide Field Services

Corporation" is not a legal entity, Mr. Haley cannot enforce his default judgment against Appellees.

{¶21} Mr. Haley also argues that the "f/k/a Countrywide Field Services Corporation" is surplusage and he was actually naming the trade name "Bank of America" in the lawsuit. However, Mr. Haley cites no statute or case law permitting a plaintiff to discard a portion of a judgment debtor's name.

{¶22} Furthermore, even if this Court was persuaded that "f/k/a Countrywide Field Services Corporation" was surplusage of the trade name "Bank of America," Mr. Haley did not establish that "Bank of America" was the trade name of the entity that was formerly known as Countrywide Field Services Corporation. As previously indicated, Mr. Wyatt, the Chief Financial Officer and Treasurer of BACFSC and Senior Vice President and Manager of Finance for BANA, testified that Countrywide Field Services Corporation changed its name to BAC Field Services Corporation (BACFSC) on April 27, 2009. Mr. Wyatt further testified that while BACFSC was the only entity formerly known as Countrywide Field Services Corporation, BACFSC was never formerly known as "Bank of America f/k/a Countrywide Field Services Corporation." Importantly, Mr. Wyatt testified that BACFSC never used the trade name "Bank of America" and, when Countrywide Field Services Corporation changed its name, nothing changed in the operations of the business. BACFSC did not, at any time, begin using the trade name "Bank of America" or become part of BAC or BANA.

{¶23} Mr. Haley's second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT MISSTATED [SIC.] THE FACTS CONCERNING PRIVITY BETWEEN [APPELLEES] WHERE THE JUDGMENT CASE CV 2008-07-5093 CONTAINED EVIDENCE THAT BANK OF AMERICA HAD MERGED**

**WITH COUNTRYWIDE FINANCIAL SERVICES CORPORATION AND WHERE MERRILL LYNCH AND CO, AND BANK OF AMERICA NA APPEARED IN THE JUDGMENT CASE CV 2008-07-5093 DOC. #356 AND DOC. #458 AND THE TRIAL COURT THEN USING THE INCORRECT FACTS TO DENY [MR.] HALEY'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE CASE BASED ON THE DOCTRINE OF RES JUDICATA AND WAIVER.**

**{¶24}** In Mr. Haley's third assignment of error, he argues the trial court erred by denying his motion for summary judgment on the basis of res judicata. In response, Appellees argue their complaint for declaratory judgment does not involve the same parties and raises different issues than the 2008 Default Judgment Case. Appellees, therefore, submit the doctrine of res judicata does not bar Appellees' complaint.

### Summary Judgment

**{¶25}** We review a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977).

**{¶26}** The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party meets this burden, then the nonmoving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.* at 293.

{¶27} In his motion for summary judgment, Mr. Haley argued he was entitled to summary judgment as a matter of law because Appellees' complaint was barred by res judicata. Mr. Haley argued that res judicata applies because judgment was entered against "Bank of America" in the 2008 Default Judgment Case and that "Bank of America" was a party to the 2008 Default Judgement Case.

### Res Judicata

{¶28} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata incorporates the concepts of both claim preclusion and issue preclusion. *Id*. at 381. Here, Mr. Haley argues that Appellees' claims are barred by claim preclusion.

{¶29} "For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." *Johnson's Island, Inc. v. Board of Tp. Trustees of Danbury Tp.*, 69 Ohio St.2d 241, 244 (1982). Mutuality can support a finding of privity only if "the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of res judicata or collateral estoppel." *Id*.

### Trial Court's Denial of Mr. Haley's Motion for Summary Judgment

{¶30} As a result of this Court's 2018 decision in *Maxim Enterprises v. Haley*, the trial court struck all of the pleadings of BACFSC in the 2008 Default Judgment Case. BACFSC subsequently filed a motion to intervene as a party and the trial court denied that motion. Neither BACFSC, nor any of the other Appellees, were parties to the 2008 Default Judgment Case. Thus, Appellees are not bound by the 2008 Default Judgment Case, and Mr. Haley is not entitled to rely

upon it for purposes of barring Appellees' declaratory judgment action under the doctrine of res judicata. *See Johnson's Island, supra.*

{¶31} Because Appellees' complaint for declaratory judgment was not barred by res judicata, the trial court correctly denied Mr. Haley's motion for summary judgment.

{¶32} Mr. Haley's third assignment of error is overruled.

III.

{¶33} Based upon the foregoing, Mr. Haley's three assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P.J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

BRYAN T. KOSTURA and JAMES W. SANDY, Attorneys at Law, for Appellee.